IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02444-BNB

LEROY W. BAKER,

    Plaintiff,

v.

OFFICER HILLYER, Officer, Sterling Corr. Fac.,
OFFICER ROSE, Officer, Sterling Corr. Fac.,
OFFICER RHOSE, Officer, Sterling Corr. Fac., and
ALL OTHER UNIDENTIFIED EMPLOYEES RESPONSIBLE FOR THE TAKING OF
    PROPERTY WITHOUT JUST COMPENSATION,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Leroy W. Baker, is in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff also was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co* , 398 U.S. 144, 150 (1970).  The Court will dismiss this action as legally frivolous, for the reasons stated below.

Plaintiff asserts that he was strip searched by Defendant Officer Rhose, during which he was required to bend over and spread his cheeks a number of times, while female officers watched, and Rhose then took Plaintiff's nude photos (200) and posters (17) from Plaintiff's cell.  In the Jurisdiction section of the Complaint form, Plaintiff states he is asserting jurisdiction pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and "2000 USC & FROM USC 2000-2014 & ALL OTHER FEDERAL STATUES THAT . . . WILL HELP THIS CASE . . . ." Compl. at 3.  In the Nature of the Case and Cause of Action sections of the Complaint form, Plaintiff, however, asserts violations of several state criminal statutes, DOC administrative regulations, and the Colorado Constitution. Plaintiff seeks money damages only for the taking of his property without just compensation.

Plaintiff does not state a specific violation of his federal constitutional rights.  The Court, however, may liberally construe Plaintiff's claims and find Plaintiff is attempting to assert a violation of his federal constitutional rights because his photos and posters were destroyed without just compensation and he was strip searched by a male officer while two female officers watched.  Nonetheless, these claims are legally frivolous and will be dismissed for the following reasons.

The United States Constitution guarantees due process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th

Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"). Plaintiff does not allege facts to show that the DOC grievance procedure was unresponsive or inadequate.

The fact that Plaintiff was not granted relief in the grievances he claims he filed and exhausted does not render the grievance procedure inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

Moreover, Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug.25,

3

2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations omitted). Accordingly, the Court finds that Plaintiff fails to state an arguable Fourteenth Amendment due process claim against any of the Defendants. Because Plaintiff has failed to state an arguable claim for deprivation of his constitutional rights, the property claim will be dismissed as legally frivolous.

As for the possible strip search claim, Plaintiff fails to assert any conduct that is abusive or demonstrates any evidence of a subjective intent of Defendants to sufficiently state a claim. *See Jackson v. Cen. N.M. Corr. Facility*, 976 F.2d 740 (table) (10th Cir.1992) (unpublished decision) ("Because Plaintiff does not allege that the strip search was conducted 'in an abusive fashion or with unnecessary force,' he does not state a claim under the Eighth Amendment.") (quoting *Levoy v. Mills*, 788 F.2d 1437,1439 (10th Cir. 1986)). Plaintiff acknowledges that the strip search was part of a search by prison staff to locate a staff ID. Also, he does not assert he was singled out to be searched for any other reason, and he does not assert that he was subject to anything more than a visual inspection of his naked body by members of the opposite sex. Nothing in Plaintiff's vague assertion about his strip search can be considered malicious or abusive.

Furthermore, there is no blanket prohibition against officers of the opposite sex conducting or viewing a strip search. *See Graham v. Van Dycke*, 318 F. App'x 654, *656 (10th Cir. 2009) (no clearly established law that a search of a female prisoner by a male officer violates the Eighth Amendment). In fact, the Tenth Circuit has found that "there may well be times in which female personnel will of necessity need to strip search male prisoners." *Jackson v. Central New Mexico Correctional Facility*, 976 F.2d 740, *3


(10th Cir. 1992) (unpublished). Because Plaintiff has failed to articulate any facts that the strip search was conducted in a malicious or abusive manner the claim will be dismissed as legally frivolous.

Because all claims over which the Court had original jurisdiction will be dismissed and are based only on federal question, the Court, in its discretion, will decline review of any of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

Finally, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of    September   , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court